UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY MOORE, #240744,

        Plaintiff,

                                                          CASE NO. 05-CV-71470-DT
v.                                                    HONORABLE GERALD E. ROSEN

MARY K. BERGHUIS, et al.,

        Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT
AND DENYING PLAINTIFF'S MOTION FOR ALTERNATE SERVICE**

I.      <u>Introduction</u>

      Before the Court is Plaintiff Larry Moore's civil rights complaint filed pursuant to 42 U.S.C. § 1983, as well as his motion for alternate service. Plaintiff is a state prisoner currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan. Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. In his complaint, Plaintiff alleges that the defendants failed to ensure his safety by exposing him to tobacco smoke and have retaliated against him by placing him in segregation, taking his property, discontinuing his medication, and removing special accommodations. Plaintiff seeks monetary damages and other appropriate relief.

      Having reviewed the complaint, the Court dismisses it pursuant to 42 U.S.C. § 1997e(a) for failure to demonstrate exhaustion of administrative remedies. The Court also denies his motion for alternate service.

II.     Discussion

Under the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust all available administrative remedies before filing a federal lawsuit challenging his conditions of confinement.  *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Wyatt v. Leonard*, 193 F.3d 876, 877 (6th Cir. 1999).  To demonstrate exhaustion of administrative remedies, a prisoner should attach the decision containing the administrative disposition of his grievance or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.  *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998).  A prisoner must exhaust administrative remedies as to each defendant and as to each claim identified in the complaint. *See Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).  The exhaustion requirement applies to § 1983 actions brought by state prisoners even if those prisoners seek monetary relief.  *See Lavista v. Beeler*, 195 F.3d 254, 256-57 (6th Cir. 1999).

Federal courts may enforce the exhaustion requirement *sua sponte*.  *See Brown*, 139 F.3d at 1104.  When a prisoner fails to exhaust administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts administrative remedies, dismissal of the complaint is appropriate.  *See* 42 U.S.C. § 1997e(a); *Smith v. Federal Bureau of Prisons*, 300 F.3d 721, 723 (6th Cir. 2002).  Under the PLRA, a prisoner may not amend the complaint to cure the failure to plead exhaustion of administrative remedies.  *See Baxter v. Rose*, 305 F.3d 484, 488 (6th Cir. 2002).

In his complaint, Plaintiff admits that he has not exhausted his administrative remedies as to his claims, but asserts in conclusory fashion that he was denied access to the Michigan

Department of Corrections grievance process. Plaintiff fails to explain this statement with any specificity, fails to outline what steps, if any, he took to exhaust his administrative remedies, and fails to attach any grievances or other administrative requests that he may have submitted to prison officials. Plaintiff has not met his burden of showing that he has fully exhausted his administrative remedies nor has he demonstrated that prison officials have improperly denied him access to those remedies. His complaint must therefore be dismissed.

III.     Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to demonstrate exhaustion of administrative remedies. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's civil rights complaint. Given this determination, the Court also **DENIES** Plaintiff's motion for alternate service.

Lastly, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**


s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated:  May 13, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 13, 2005, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

3